SHERWOOD　　The judgment is reversed with costs. Cause remand-
v.
ELSLOW. ed, &c.

W. H. Mallory, for the appellant.

D. Brier, for the appellees.

────────────

SHERWOOD and Others *v.* ELSLOW.

After the money secured by a mortgage, which had been assigned, became due, the mortgagor delivered certain live stock to the assignee in payment, and the assignee delivered up the mortgage. The assignee, who resided in *Michigan*, started to drive the stock there, but before he had reached the border of this state, in which the mortgagor resided, the stock was levied and seized upon executions against the mortgagor, which were liens on the stock when it was delivered to the assignee. Upon a trial of the right of property, the property was held liable to the execution. Afterwards, the mortgagor paid off the executions, but never re-delivered or offered to re-deliver the stock to the assignee. *Held*, that these facts did not show a payment of the mortgage.

Monday,　　　APPEAL from the *Steuben* Circuit Court.
June 5.
PERKINS, J.——Bill by an assignee to foreclose a mortgage. Answer averring payment. Proofs. Decree for the plaintiff below. The facts are as follows:

*Elslow*, the plaintiff in the bill, held a mortgage covering real estate, on one *Nelson Earll*. After it became due, payment was demanded, and *Earll* being without money, proposed to turn out certain articles of live stock in payment, which *Elslow* agreed to take and did take, giving up the mortgage. *Elslow* resided in *Michigan*, whither he started to return, driving his stock. Before he had reached the borders, the stock in question was levied on and taken by officers upon executions which had been in their hands against *Earll* for sometime, and were liens upon the stock. *Elslow* instituted a claim of property which was tried, and resulted in a decision that the property was subject to execution. Some two weeks afterwards, *Earll*, or some one

for him, paid off the executions, and has since held the property, as he says, ready to be re-delivered to *Elslow*, but it has never been re-tendered. The question is, whether the foregoing facts show a payment of the mortgage, and that *Elslow* is bound still to return and receive the stock in question, or get nothing.

May Term, 1854.

We think no payment is shown. *Elslow* had a money demand against *Earll*. He agreed to accept certain specific articles of stock, which *Earll* held out as his own, in payment. It turned out that that stock was not *Earll's*, and, hence, he in fact gave *Elslow* nothing but a certain amount of trouble and expense, and there was no consideration for the surrender of the mortgage. When the stock in question was taken from *Elslow* and decided to be subject to *Earll's* debts, *Elslow's* claim to the payment of his mortgage in cash revived, so far that he had a right to assert it, if he chose, rather than attempt to secure the stock; and it has never since been superseded by any new agreement to accept any thing else.

The other parties to this suit are those who had purchased the land mortgaged from *Earll* before his pretended payment of the mortgage.

*Per Curiam.*—The decree is affirmed with costs.

*R. Brackenridge*, Jr., for the appellants.

*J. B. Howe*, for the appellee.